IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA FILSAIME, acting as parent and natural guardian of J.F. and M.F., minors, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : : | NO. 14-6506 |
| BETH ANN CARUSO, BANNER LIFE INSURANCE COMPANY, and UNIVEST BANK AND TRUST COMPANY, | : : : : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                January 13, 2015

Currently pending before the Court is a Motion to Remand by Plaintiff Maria Filsaime. For the following reasons, the Motion is denied.

**I.      FACTUAL BACKGROUND**

On July 3, 2014, Plaintiff Maria Filsaime originated this action in the Court of Common Pleas of Bucks County by filing a Writ of Summons. Thereafter, on October 17, 2014, Plaintiff filed a Complaint seeking to impose a constructive trust in the performance of a life insurance contract. Defendant Beth Ann Caruso filed a Notice of Removal on November 12, 2014, successfully removing this matter from state court to federal court. Defendant Univest then filed a motion to intervene on November 18, 2014, and was granted permission to intervene as a defendant on December 10, 2014.

According to the Complaint, Plaintiff Filsaime, as well as the two minors she represents, are residents and citizens of the state of Florida. (Compl. ¶ 1.) The decedent, Dawn Raia, was a

resident of Pennsylvania at the time of her death on March 14, 2014. (Compl. ¶ 4.) Defendant Caruso, the administratrix of Ms. Raia's estate, is a resident and citizen of the state of New Jersey. (Compl. ¶¶ 2, 18.) Defendant Banner Life Insurance Company ("Banner") is a Maryland company with its principal place of business in Maryland. (Compl. ¶ 3.) Finally, Defendant Univest is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Univest Cross-Claim Against Banner ¶ 1.)

On December 11, 2014, Plaintiff filed the current Motion to Remand the matter back to the Court of Common Pleas of Buck's County. Defendant-Intervenor Univest responded on December 23, 2014 and Defendant Caruso responded on December 24, 2014. The matter is now ripe for judicial consideration.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. Civ.A.03-1612, 2003 WL 21204467, at *1 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624, 627 (D.N.J. 2009) ("A party opposing remand must show that removal was proper.").

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL

4606305, at *1 (D.N.J. Oct. 15, 2008) (citing 28 U.S.C. § 1447(c)). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Kimmel v. DeGasperi, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c); N. Penn Water Auth. v. Bae Sys. Aerospace Elec., Inc., No. Civ.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). Upon a motion to remand, "[i]t is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. Civ.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)); see also Boyer, 913 F.2d at 111 (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III.   DISCUSSION

Plaintiff raises two grounds for remand of the present matter. First, she contends that complete diversity does not exist among the parties. Second, she asserts that the administration of decedents' estates is within the exclusive jurisdiction of the state probate courts and, thus, this matter cannot be considered in federal court. The Court addresses each ground separately.

### A.   **Complete Diversity**

Plaintiff's first argument asserts that due to the lack of complete diversity among the parties, this Court does not have diversity jurisdiction over this case.  Specifically, she contends that Defendant Caruso, as Administratrix of the Estate of Dawn Raia, must be deemed to be a citizen of the decedent's estate—in this case Pennsylvania.  Defendant Univest is a Pennsylvania corporation with its principal place of business in Pennsylvania.  As the two Defendants are not diverse from each other, Plaintiff claims that diversity jurisdiction is defeated.

Plaintiff is correct that Defendant Caruso, as Administratrix of the Estate of Dawn Raia, is deemed to be a citizen of Ms. Raia's estate.  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) ("If a party is deceased, 'the legal representative of the estate of the decedent shall be deemed to be a citizen only of the same State as the decedent.'" (quoting 28 U.S.C. § 1332(c)(2)); Golden ex rel. Golden v. Golden, 382 F.3d 348, 352 n.1 (3d Cir. 2004) ("In diversity actions involving estates, the courts look to the citizenship of the decedent to determine jurisdiction.").  The remainder of her argument, however, misunderstands the concept of complete diversity.  Under 28 U.S.C. § 1332(a)

> [D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens of a foreign state are additional parties; and (4) a foreign state, defined in § 1603(a) of this title, as plaintiffs and citizens of a State or of different States.

28 U.S.C. § 1332(a).  The United States Supreme Court has read this Rule to require complete diversity between all plaintiffs and all defendants.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  In other words, each plaintiff must be able to sue each defendant.  Singh v. Daimler-Benz AG, 9 F.3d 303, 305 (3d Cir. 1993) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267

(1806)); see also Yellen v. Telledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 501 (E.D. Pa. 2011) (noting that complete diversity requires that every plaintiff be of a diverse state citizenship from every defendant). No rule exists—and Plaintiff has not cited any supporting authority for the proposition—that every defendant must be diverse from all other defendants.

In the present case, by Plaintiff's own allegations in the Complaint, Plaintiff and the minors she represents are citizens of Florida. Defendant Caruso resides in New Jersey, but, by virtue of her Administratrix capacity, is deemed to be a citizen of Pennsylvania, where the decedent resided. Banner is a citizen of Maryland and Univest is a citizen of Pennsylvania. As all the Defendants are diverse from all Plaintiffs, the complete diversity requirement has been satisfied.[1]

### B. Lack of Jurisdiction Over the Subject Matter

Plaintiff's second argument in favor of remand contends that "[t]he administration of decedents' estates is within the exclusive jurisdiction of the state probate courts." (Pl.'s Mem. Supp. Mot. Remand 3.) Plaintiff thus goes on to argue that "despite the presence of diversity of citizenship and the requisite jurisdictional amount, a federal court is generally without equity

---

[1] The Court notes that removal in this case was procedurally deficient under the forum defendant rule. The forum defendant rule prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As set forth in detail above, both Defendant Univest and Defendant Caruso, as administratrix of the estate, are citizens of Pennsylvania.
Nonetheless, "[t]he invocation of the removal machinery by a citizen of the forum state, while error, is not a jurisdictional defect under relevant Supreme Court precedent. Rather, it is a defect in removal procedure which can be waived." Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) (internal quotation marks omitted). In the present case, Plaintiff did not even hint at the forum defendant rule in her Motion and more than thirty days has passed since the notice of removal was filed. Accordingly, this procedural defect has been waived. Otero v. GlaxoSmithKline, PLC, No. Civ.A.10-7163, 2011 WL 1399842, at *2 (E.D. Pa. April 7, 2011).

jurisdiction to act as a probate court, to undertake the general administration of a decedent's estate, or to interfere with state probate proceedings or with a state court's supervision of the administration of a decedent's estate." (Id.)

This argument, however, misunderstands the nature of the action before this Court. Plaintiff is correct that the "jurisdiction conferred by the Judiciary Act of 1789 . . . did not extend to probate matters." Markham v. Allen, 326 U.S. 490, 494.  More precisely, "[t]here are three circumstances in which the probate exception to jurisdiction applies:  when the court is working to probate or annul a will, administer a decedent's estate, or assume in rem jurisdiction over property that is in the custody of the probate court." Thorpe v. Borough of Thorpe, 770 F.3d 255, 259 n.12 (3d Cir. 2014).  "[I]t does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall v. Marshall, 547 U.S. 293, 312 (2006).  Indeed, "it has been established by a long series of decisions of [the Supreme Court] that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham, 326 U.S. at 494 (quotations omitted).

In this case, Plaintiff has stylized her Complaint as one "to impose a constructive trust in specific performance of life insurance contract." (Compl. 1.)  It concerns the simple matter of whether or not the beneficiary designation of a life insurance policy has been superseded by collateral assignments of the policy between the decedent and certain lenders.  As such, it is nothing more than a matter of contract interpretation.  The Court is not being asked to probate or

annul a will or administer the decedent's estate.  Moreover, the proceeds of the life insurance policy issued by Banner are not in the custody of any probate court, (Compl. ¶¶ 14, 17), and thus this Court would not be required to assume in rem jurisdiction over such property from the probate court.  In addition, Plaintiff initiated this action in the Court of Common Pleas of Bucks County, rather than in the Orphans' Court of Bucks County, which would be the required court to address administration and distribution of property in the decedent's estate.  Finally, federal courts regularly handle such contractual matters under their diversity jurisdiction.  See generally Mass. Mut. Life Ins. Co. v. Curley, 459 F. App'x 101 (3d Cir. 2012); Pedrick v. Roten, No. Civ.A.11-1221, 2013 WL 351667 (D. Del. Jan. 29, 2013).  Accordingly, because Plaintiff's Complaint sounds in contract and not in probate, this Court may exercise jurisdiction over the matter.

### IV.   CONCLUSION

In light of the foregoing, the Court declines to remand this matter.  The parties clearly satisfy the complete diversity requirement of diversity jurisdiction.  Moreover, the probate exception does not apply to this claim and, thus, does not deprive this Court of jurisdiction.  Accordingly, Plaintiff's Motion to Remand is denied.